**Zhihua HE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72260.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Gang Jian Shu, City of Industry, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, J. Scott Watson, FDIC—Federal Deposit Insurance Corporation, Arlington, VA, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Zhihua He, a native and citizen of China, petitions for review of the Board of Immi-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we grant in part and deny in part the petition for review.

Substantial evidence does not support the BIA's conclusion that the harm He experienced prior to fleeing China did not rise to the level of past persecution. He testified that Chinese authorities arrested him for participating in Christian home church gatherings, physically attacked him during interrogation, instructed fellow detainees to physically attack him until he confessed, detained him for 16 days, and warned him of further harm for continuing his religious practice. Upon release, the government-sponsored college He attended expelled him for his religious activities. These experiences rise to the level of past persecution. *See Guo v. Ashcroft,* 361 F.3d 1194, 1203–04 (9th Cir.2004) (finding past persecution where Chinese police twice detained, interrogated, and beat petitioner for Christian home church involvement, threatening him with further harm for continued religious practice, and where employer terminated petitioner because of incidents).

Because He established past persecution, he is entitled to a presumption of well-founded fear of persecution and eligibility for withholding of removal. *See id.* at 1204; 8 C.F.R. §§ 1208.13(b)(1)(i)(A), 1208.16(b)(1)(i). Since the agency did not reach the question of whether the government can rebut this presumption based on current conditions in China, we remand

this question to the agency under *INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Finally, substantial evidence supports the BIA's conclusion that petitioner He did not establish that he would more likely than not be tortured if returned to China, and we uphold the denial of relief under the CAT. *See Zhang v. Ashcroft,* 388 F.3d 713, 721–22 (9th Cir.2004).

**PETITION FOR REVIEW GRANTED in part and DENIED in part; REMANDED.**